1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

WILMINGTON SAVINGS FUND SOCIETY,

Plaintiff,

v.

COREY FRYBERG, *et al.*,

Defendants.

Case No. C17-1196RSL

ORDER GRANTING
TULALIP TRIBES'
MOTION TO DISMISS

15
16
17
18
19
20

This matter comes before the Court on "Defendant Tulalip Tribes' Motion to

Dismiss for Lack of Subject Matter Jurisdiction." Dkt. # 15. Having reviewed the

memoranda submitted by the parties and the remainder of the record, the Court finds as

follows:

21

**BACKGROUND**

22
23
24
25
26
27
28

Plaintiff Wilmington Savings Fund Society brings this foreclosure action against

defendant Corey Fryberg. Corey Fryberg is a member of the Tulalip Tribes, a federally

recognized Indian tribe, and the property at issue is trust land within the Tulalip Indian

Reservation. Dkt. # 8 ¶¶ 2.1, 3.2. The Tulalip Tribes is also a named defendant for having

a possible interest in the property.

ORDER GRANTING
TULALIP TRIBES'
MOTION TO DISMISS - 1

Plaintiff's initial complaint was filed on August 8, 2017. Dkt. # 1. On August 17, 2017, the Court *sua sponte* issued an Order to Show Cause for plaintiff's failure to provide the citizenship of the parties to establish diversity jurisdiction. Dkt. # 6. On August 25, 2017, plaintiff filed an amended complaint (Dkt. # 8), and on September 28, 2017, the Court vacated the Order to Show Cause. Dkt. # 14. Now, defendant Tulalip Tribes moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

"Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). "Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. . . . Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." <u>Robinson v. United States</u>, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations and quotations omitted). Here, the Tulalip Tribes argues that dismissal is appropriate because diversity jurisdiction is lacking, the Tulalip Tribes is immune from suit, and plaintiff failed to exhaust tribal remedies. The Court addresses each of these arguments below.

### A. Diversity Jurisdiction

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. The diversity statute applies when the amount in controversy exceeds $75,000 and when the

action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1), (2). As a threshold matter, the Tulalip Tribes is not a foreign state. <u>See</u> <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1226 (9th Cir. 1989) (<u>citing</u> <u>Cherokee Nation v. Georgia</u>, 30 U.S. 1 (1831)). Therefore, diversity jurisdiction only exists if the Tulalip Tribes is a "citizen" of Washington state within the meaning of § 1332.[1]

The Ninth Circuit recognizes that "unincorporated Indian tribes cannot sue or be sued in diversity because they are not citizens of any state." <u>Am. Vantage Cos. v. Table Mountain Rancheria</u>, 292 F.3d 1091, 1095 (9th Cir. 2002); <u>see also</u> <u>Cohen's Handbook of Federal Indian Law § 7.04</u> (2012 ed.). Because the Tulalip Tribes is not a citizen of Washington or any other state, complete diversity is lacking, and this Court has no subject matter jurisdiction.[2] To hold otherwise would not accord with the Tulalip Tribes' status as a "domestic dependent nation" exercising inherent sovereign authority over members and territories. <u>See</u> <u>Okla. Tax Comm'n v. Citizen Band of Potawatomi Indian Tribe</u>, 498 U.S. 505, 509 (1991).

**B. Sovereign Immunity**

The Tulalip Tribes also argues that plaintiff's lawsuit is barred by tribal sovereign immunity. The Tulalip Tribes possesses "inherent powers of a limited sovereignty which

---

[1] Except for defendant Tulalip Tribes, there appears to be complete diversity between the parties. <u>See</u> Dkt. # 8 ¶¶ 1.2-2.5.

[2] Plaintiff's amended complaint merely posits that "[o]n information and belief Tulalip Tribes of Washington is a sovereign tribal nation located in Washington." Dkt. # 8 ¶ 2.5.

has never been extinguished." <u>United States v. Wheeler</u>, 435 U.S. 313, 322 (1978)

(internal citations and quotations omitted) (superseded by statute as recognized in <u>United States v. Lara</u>, 541 U.S. 193 (2004)). "The common law sovereign immunity possessed

by the Tribe is a necessary corollary to Indian sovereignty and self-governance." <u>Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Eng'g</u>, 476 U.S. 877, 890

(1986). "As a matter of federal law, an Indian tribe is subject to suit only where Congress

has authorized the suit or the tribe has waived its immunity." <u>Kiowa Tribe of Okla. v. Mfg. Techs., Inc.</u>, 523 U.S. 751, 754 (1998). "[A] waiver of sovereign immunity cannot

be implied but must be unequivocally expressed." <u>Santa Clara Pueblo v. Martinez</u>, 436

U.S. 49, 58 (1978) (internal citations and quotations omitted). "In the context of a Rule

12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, the party asserting

subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does

not bar the suit." <u>Pistor v. Garcia</u>, 791 F.3d 1104, 1111 (9th Cir. 2015) (internal citations

and quotations omitted).

Plaintiff concedes that the Tulalip Tribes has not waived immunity. Dkt. # 21 at 2.

Further, plaintiff does not point to any source indicating that Congress has authorized this

lawsuit against the Tulalip Tribes. Therefore, the Court lacks jurisdiction because the

Tulalip Tribes is entitled to sovereign immunity.

**C. Exhaustion**

"Principles of comity require federal courts to dismiss or to abstain from deciding

claims over which tribal court jurisdiction is colorable, provided that there is no evidence

of bad faith or harassment. Exhaustion of tribal remedies is mandatory." <u>Marceau v. Blackfeet Hous. Auth.</u>, 540 F.3d 916, 920 (9th Cir. 2008) (internal citations and quotations omitted). "Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development." <u>Iowa Mut. Ins. Co. v. LaPlante</u>, 480 U.S. 9, 14-15 (1987) (internal citations omitted). The exhaustion requirement applies even if no tribal court proceedings are pending. <u>Marceau</u>, 540 F.3d at 921.

The Tulalip Tribal Court meets the requirement of having colorable jurisdiction over this action: defendant Corey Fryberg is a tribal member, the Tulalip Tribes is a named party, and the land at issue lies within the Tulalip Indian Reservation and is held in trust by the United States for the benefit of the Tulalip Tribes.[3] Further, plaintiff's initial complaint seems to acknowledge the jurisdiction of the Tulalip Tribal Court. <u>See</u> Dkt. # 1 ¶ 3.2 ("Normally, actions are to be commenced in Tulalip Tribal Court when the subject property is located within Tulalip Indian Reservation[.]"). Plaintiff has not alleged that the exhaustion requirement is being asserted in bad faith or to harass.[4] Out of

---

[3] The Tulalip Tribal Court's jurisdiction extends to "(a) all persons natural and legal of any kind and to (b) all subject matters which, now and in the future, are permitted to be within the jurisdiction of any Tribal Court of a sovereign Indian tribe or nation recognized by the United States of America and to (c) all matters having to do with rights in or encumbrances to lands within or without the Tulalip Indian Reservation held by the United States in trust for the Tulalip Tribes or its members, in restricted fee by the Tulalip Tribes, or lands held in fee by members of the Tulalip Tribes located within the Tulalip Reservation[.]" Tulalip Tribal Code Section 2.05.020(1).

[4] In addition to instances of bad faith and harassment, the Supreme Court has noted that exhaustion of tribal remedies is also not required "where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an

respect for the Tulalip Tribes' sovereignty, and recognizing the jurisdiction of the Tulalip Tribal Court to adjudicate this dispute, the case is DISMISSED for failure to exhaust tribal remedies.

## CONCLUSION

Each of defendant's arguments independently supports dismissal: there is no complete diversity between the parties; the Tulalip Tribes is immune from suit; and plaintiff failed to exhaust tribal remedies.[5] For all of the foregoing reasons, defendant's motion (Dkt. # 15) is GRANTED. The case is DISMISSED.

DATED this 12th day of December, 2017.

*MNR S Lasnik*
Robert S. Lasnik
United States District Judge

---

adequate opportunity to challenge the court's jurisdiction." Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 n.21 (1985). These exceptions do not apply.

[5] Plaintiff suggests that to cure the issues related to diversity jurisdiction and tribal sovereign immunity, the Court can simply dismiss the Tulalip Tribes as a party and let the action proceed. Dkt. # 21 at 3. This does not resolve the issue of exhaustion of tribal remedies, however, and the Court declines to adopt this suggestion.